UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE A. LANIER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-0074 (ABJ) |
| SEAN STACKLEY, Acting Secretary of the Navy, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter has come before the Court on Defendant's Motion to Dismiss [ECF No. 6]. On March 28, 2017, the Court issued an order [ECF No. 7] advising Plaintiff of his obligations under the Federal Rules of Civil Procedure and the local civil rules of this Court. Specifically, the Court notified Plaintiff that, if he failed to file an opposition or other response to Defendant's motion by April 27, 2017, the Court would treat the pending dispositive motion as conceded. *See* Local Civil Rule 7(b) (permitting court to "treat . . . as conceded" a motion not met with a timely opposing memorandum of points and authorities). To date, Plaintiff has not filed an opposition to the pending motion, requested more time to file an opposition, or advised the Court of any change of address. Under these circumstances, the Court ordinarily would grant Defendant's motion. The United States Court of Appeals for the District of Columbia Circuit recently has raised concerns, however, about the application of Local Civil Rule 7(b) to grant an unopposed motion to dismiss. *See Cohen v. Bd. of Trs. of the Univ. of the District of Columbia*, 819 F.3d 476, 482

1

(D.C. Cir. 2016). In light of this ruling, the Court briefly addresses the merits of Defendant's motion.

Navy Gateway Inns & Suites at Joint Base Anacostia Bolling in Washington, D.C., a component of the Commander, Navy Installations Command ("CNIC"), Mem. of P. & A. in Support of Def.'s Mot. to Dismiss at 1, employed Plaintiff as a laundry attendant from April 1, 2016 until August 19, 2016, Compl. at 1, when it "terminated [him] during [his] probationary period . . . due to [his] unacceptable attendance and conduct[,]" *id*. at 55.[1] His termination caused two prospective employers to rescind their offers of employment on September 1, 2016. *Id*. ¶ 28c.; *see id*. at 24-25.

Plaintiff believed that Defendant fired him because of his "race [and] in retaliation for taking emergency time off taking emergency time off," *id*. ¶ 13, from August 8, 2016 to August 10, 2016, *id*. ¶ 10. He also asserted that he had been "required to work in a hostile work environment." *Id*. at 1; *see id*. ¶ 12. Plaintiff contacted an EEO Counselor on October 26, 2016, *see id*. at 33-35, and filed a formal discrimination complaint on or about December 5, 2016, *see id*. at 44-46. Defendant notified Plaintiff that his contact with the EEO counselor was untimely:

> [A]n aggrieved person must initiate contact with a EEO counselor **within 45 calendar days** of the date of the effective action. You contacted the CNIC NAF EEO Service Center on 26 October 2016. The latest incident of your claim thought to be discriminatory is 1 September 2016; this date is 23 days beyond the 45 calendar days (which would have been 03 October 2016). **If there are any mitigating circumstances that prevented you from filing your complaint within the filing requirement, please submit the reason(s) in writing[.]**

*Id*. at 73 (emphasis in original).

---

[1] Plaintiff did not number the exhibits to his Complaint, and the Court refers to them by the page numbers ECF designates.

Plaintiff explained that he had not been "notified of any EEO complaint filing time limits and [was] unaware of them." *Id*. at 78. Upon advice from "pro bono legal counsel on October 26, 2016," Plaintiff contacted the EEO counselor "and began the process." *Id*. This assertion appeared to contradict Plaintiff's prior certification that he had received and understood Defendant's EEO & Sexual Harassment Policy Statement and EEO brochure, *see id*. at 81, 87, including its notice that "[a]ny employee who believes discrimination has occurred because of race . . . has the right to file an EEO complaint," and that "[c]ontact must be made within 45 calendar days of the alleged discrimination," *id*. at 82. On review of Plaintiff's "formal complaint and the associated documents," *id*. at 28, on December 16, 2016, Defendant dismissed Plaintiff's discrimination complaint "in its entirety pursuant to 29 C.F.R. [§] 1614.107(b), for untimely EEO contact," *id*. at 30.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e *et seq*. Defendant moves to dismiss the complaint because Plaintiff "did not follow the mandatory administrative procedures for exhausting" his claims. Def.'s Mem. at 5.

An aggrieved employee "who believe[s he has] been discriminated against on the basis of race . . . must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). He "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* § 1614.105(a)(1); *see In re James*, 444 F.3d 643, 644 (D.C. Cir. 2006) (describing the pre-complaint process). The aggrieved employee's failure to initiate contact within 45 days calls for dismissal of the claim. *See Greer v. Paulson*, 505 F.3d 1306, 1316 (D.C. Cir. 2007).

3

Defendant shows that Plaintiff did not initiate contact with an EEO Counselor until October 26, 2016, roughly 67 days after his termination on August 19, 2016, and 23 days beyond the 45-day deadline. *See* Compl. at 36. Plaintiff has not responded to Defendant's motion, and his complaint does not describe any circumstances under which equitable tolling of the 45-day period is warranted. The Court concludes that Plaintiff failed to exhaust his administrative remedies by making timely contact with an EEO counselor.

Furthermore, Plaintiff's complaint does not state a hostile work environment claim. "A hostile work environment typically consists of several individual acts that 'may not be actionable on [their] own' but become actionable due to their 'cumulative effect.'" *Baird v. Gotbaum*, 792 F.3d 166, 168 (D.C. Cir. 2015) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)). A successful claim requires that a plaintiff show "his employer subjected him to 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment.'" *Baloch v. Kempthorne*, 550 F.3d 1191, 1201 (D.C. Cir. 2008) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). For purposes of this Memorandum, the Court presumes the truth of Plaintiff's allegations that he had been assigned more work than he deemed appropriate, *see* Compl. ¶ 6, that he had been "interrogated . . . about money being stolen from a hotel room," *id*. ¶ 7, and that he had been among the "black employees" accused of "always mak[ing] excuses" when he "brought up concerns about difficult work conditions and assignments," *id*. ¶ 8. These events, even taken together, do not amount to a hostile work environment. *See Akosile v. Armed Forces Ret. Home*, 938 F. Supp. 2d 76, 87 (D.D.C. 2013) ("Negative interactions with supervisors, even when a supervisor yells and uses profanity, generally do not meet [the hostile work environment] standard." (citing *Baloch*, 550 F.3d at 1201)); *Newton v. Office of the Architect of the Capitol*, 840

F. Supp. 2d 384, 398 (D.D.C. 2012) (holding that "complaints over undesirable job responsibilities and . . . workload" do not rise to the level of "severe and pervasive" conduct necessary to support a hostile work environment claim).

The Court therefore grants Defendant's motion and dismisses the complaint because it fails to state a claim upon which relief can be granted. An Order is issued separately.

DATE: May 15, 2017

/s/
AMY BERMAN JACKSON
United States District Judge